## MATTHEY v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit. August 10, 1921.)

No. 5464.

1. War ⚖=4—Indictment for aiding and abetting insubordination need not allege the means employed or the particulars of the incitement, aid, or assistance.

The indictment for aiding and abetting in an attempt to cause insubordination, disloyalty, and refusal of duty in the military forces of the nations when it was at war, the conduct of the principal being set out, need not allege the means employed by the abettor or the particulars of

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied November 8, 1921.

his incitement, aid, or assistance, but it is enough to charge, in general terms, that he knowingly aided and abetted the principal and induced and procured him to commit the principal offense.

2. **Criminal law ⊂⇒1129(3)—Assignments of error on admission of evidence held insufficient.**

Assignments of error on admission of evidence are insufficient; they giving no information as to the character of the evidence, or of the objections made to it, but referring generally and at large to the "shorthand report of the trial."

3. **War ⊂⇒4—Evidence of aiding and abetting seditious utterance held proper.**

Evidence on prosecution for aiding and abetting another in his seditious utterances *held* not to have gone beyond the proper limits, to show his unlawful intent and that his participation was not casual or inadvertent.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Criminal prosecution by the United States against Walter Matthey. Judgment of conviction, and defendant brings error. Affirmed.

E. M. Warner, of Muscatine, Iowa, for the plaintiff in error.

E. G. Moon, U. S. Atty., of Ottumwa, Iowa (John C. De Mar, Asst. U. S. Atty., of Des Moines, Iowa, on the brief), for the United States.

Before HOOK and STONE, Circuit Judges, and JOHNSON, District Judge.

HOOK, Circuit Judge. Walter Matthey was convicted of aiding and abetting one Daniel H. Wallace in attempting July 25, 1917, to cause insubordination, disloyalty, and refusal of duty in the military forces of the United States whilst it was at war with the Imperial German government. He contends that the indictment was bad and that the trial court erred in admitting evidence against him.

[1] The indictment, which was against Wallace, Matthey, and others jointly, set forth the conduct of Wallace, the principal, with undoubted sufficiency of detail. It charged that he delivered an address at a public meeting in Davenport, Iowa, largely attended by members of the various military forces of the United States, and that he advised and counseled his audience that they could not be taken, and should not go abroad and fight, but should resist and disobey the acts of Congress in the premises; also that he derided the people and armies of the countries with which the United States was associated and praised those of Germany. As to Matthey the indictment charged in general terms, without particulars, that he knowingly aided and abetted Wallace, and induced and procured him to commit the principal offense. It is the settled rule in criminal pleading that in such cases it is not necessary to allege the means employed by the abettor, or the particulars of his incitement, aid, or assistance. United States v. Gooding, 12 Wheat. 460, 6 L. Ed. 693; Coffin v. United States, 156 U. S. 432, 15 Sup. Ct. 394, 39 L. Ed. 481.

[2, 3] The assignments of error upon the admission of evidence are wholly insufficient. They give no information as to the character of

the evidence complained of or of the objections made to it, but refer generally and at large to the "shorthand report of the trial." Nevertheless we have examined the printed record before us which presumably is a reproduction of the stenographic report and find no error. The case of Wallace, the principal, was an aggravated one. His public address followed the lines of a previously prepared pamphlet the language of which was calculated to incite, not only general opposition to the participation of this country in the war, but also, which was of the essence of the offense, individual resistance to military orders, discipline, and service. There was substantial evidence that Matthey distributed some of the pamphlets as indicating the address to be delivered, helped get up the meeting, attended it, and applauded. The evidence against him did not go beyond the proper limits to show his unlawful intent and that his participation was not casual or inadvertent.

The sentence is affirmed.

⊕〰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes